IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| HENRY LEE JOHNS, § | | |
| PETITIONER, § | | |
| § | | |
| V. § | CIVIL NO. A-20-CV-904-RP | |
| § | | |
| BOBBY LUMPKIN,[1] § | | |
| RESPONDENT. § | | |

### ORDER

Before the Court is Petitioner's Application for Writ of Habeas Corpus under 28 U.S.C. § 2254. Petitioner, proceeding *pro se*, has been granted leave to proceed *in forma pauperis.* For the reasons set forth below, the Court dismisses without prejudice Petitioner's application for failure to exhaust state court remedies.

According to Petitioner, he is in custody pursuant to a judgment and sentence of the 299th Judicial District Court of Travis County, Texas, in cause number D-1-DC-99-994230. Petitioner does not challenge his holding conviction. Rather, he challenges the calculation of his sentence after the revocation of his parole. Petitioner challenged this same calculation in a state application for habeas corpus relief. The Texas Court of Criminal Appeals dismissed it because Petitioner failed to exhaust his administrative remedies at the Texas Department of Criminal Justice pursuant to section 501.0081(b)-(c) of the Texas Government Code. *Ex parte Johns*, No. WR-37,055-11.

---

[1] Although Petitioner named Lorie Davis as Respondent, Bobby Lumpkin, the current Correctional Institutions Division Director, is the proper respondent and will be substituted.

A fundamental prerequisite to federal habeas corpus relief is the exhaustion of all claims in state court prior to requesting federal collateral relief. *Sterling v. Scott*, 57 F.3d 451, 453 (5th Cir. 1995). Section 2254(b) provides:

(1) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that:

(A) the applicant has exhausted the remedies available in the courts of the State; or

(B) (i) there is an absence of available State corrective process; or (ii) circumstances exist that render such process ineffective to protect the rights of the applicant.

28 U.S.C. § 2254.

The exhaustion requirement is designed in the interests of comity and federalism to give state courts the initial opportunity to pass upon and correct errors of federal law in a state prisoner's conviction. *Picard v. Connor*, 404 U.S. 270, 275-76 (1971). The purpose and policy underlying the exhaustion doctrine is to preserve the role of the state courts in the application and enforcement of federal law and prevent disruption of state criminal proceedings. *Rose v. Lundy*, 455 U.S. 509, 518 (1982)(citing *Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U.S. 484, 490-91 ( 1973)). A petition under Section 2254 "must be dismissed if state remedies have not been exhausted as to any of the federal claims." *Castille v. Peoples*, 489 U.S. 346, 349 (1989). The exhaustion doctrine "requires that the Texas Court of Criminal Appeals be given an opportunity to review and rule upon the petitioner's claim before he resorts to the federal courts." *Richardson v. Procunier*, 762 F.2d 429, 431 (5th Cir. 1985).

In the present case, Petitioner has not presented his claims in a procedurally correct manner to the Texas Court of Criminal Appeals. Accordingly, there has been no fair presentation of his claims to the state court, and thus, the state court has not had the initial opportunity to pass upon and correct any alleged errors of federal law. Petitioner fails to allege any circumstances which would allow the court to excuse the exhaustion requirement. Petitioner must first file an Offender Time Credit Dispute Resolution with prison officials pursuant to section 501.0081(b)-(c) of the Texas Government Code. After he exhausts his administrative remedies, he may proceed to the state court with a state application for habeas corpus relief.

It is therefore **ORDERED** that the Application for Habeas Corpus Relief, filed by Petitioner Henry Lee Johns is **DISMISSED WITHOUT PREJUDICE** for failure to exhaust his state court remedies and a certificate of appealability is **DENIED**.

**SIGNED** on September 1, 2020.

ROBERT PITMAN
UNITED STATES DISTRICT JUDGE